IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL P. RANDOLPH,

     **Plaintiff,**

     v.                                  CASE NO.  23-3019-JWL

FINNEY COUNTY JAIL,

     **Defendant.**


**MEMORANDUM AND ORDER**

Plaintiff brings this pro se case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  At the time of filing, Plaintiff was detained at the Finney County Jail in Garden City, Kansas ("FCJ").[1]  On January 26, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 6).  The Court's screening standards are set forth in the MOSC.

Plaintiff alleges in his Amended Complaint that Nurse Romel failed to "identify/treat/seek assistance from appropriate medical providers" for a condition Plaintiff was having that "resemble[ed] blackouts/seizures."  (Doc. 6, at 2.)  Plaintiff claims that Lt. Lawson failed to rectify the situation after Plaintiff's repeated complaints.  *Id*.

Plaintiff alleges that he was involved in an accident that was "precipitated by the untreated condition," resulting in the loss of the end of his right little finger on December 27,

---

[1]  Plaintiff notified the Court of his new address in light of his release on February 17, 2023.  (Doc. 6–2, at 4.)

2022, at the FCJ.  *Id*.  Plaintiff acknowledges that he received emergency medical treatment for

his finger, but alleges that he has not been treated for the condition resembling

blackouts/seizures.  *Id*. at 2–3.   Plaintiff alleges that after "submitting two documented accounts

of [his] condition," he was still denied treatment for the blackouts/seizures.  *Id*. at 3.   Plaintiff

claims that he requested treatment for the blackouts/seizures "for months" from September 2022

to December 2022.  *Id*.

Plaintiff names the FCJ, Lt. Kyle Lawson, and Nurse (fnu) Romel as defendants.

Plaintiff states that although he originally sought $150,402 for "medical cost of treatment, pain &

suffering & mental distress," he would be willing to go to mediation to ensure an appropriate

settlement is reached.  *Id*. at 5.

## II.  DISCUSSION

### 1. Improper Defendant

Plaintiff names the FCJ as a defendant.  "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a *person* acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper

defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will*

*v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-

SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–

4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person

or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL

462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is

not a 'person' within the meaning of § 1983.").  Plaintiff's claims against the FCJ are dismissed.

## 2. Medical Care

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Plaintiff must also satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). An apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key*

*Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id*. at 1139. "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted). Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*. "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

Although Plaintiff acknowledges that he received medical care for his injured finger, he claims that he has never received medical care for his blackouts/seizures. The Court finds that the proper processing of Plaintiff's claims regarding the denial of treatment for his alleged blackouts/seizures cannot be achieved without additional information from appropriate officials of the FCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the FCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against the FCJ are dismissed.

**IT IS FURTHER ORDERED that:**

(1)    The Clerk is directed to send waivers of service to Defendants Lawson and

Romel.

(2)     The FCJ officials shall submit the *Martinez* Report by **April 28, 2023**.  Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint.  If the Amended Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the docket entry for the waiver of service is not controlling.

(1)     Officials responsible for the operation of the FCJ are directed to undertake a review of the subject matter of the Amended Complaint:

      a.     To ascertain the facts and circumstances;

      b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

      c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(2)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the FCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The FCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(3)     Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(4)     Authorization is granted to the officials of the FCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(5)     No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.   This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the FCJ Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the FCJ Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Finney County District Attorney.

**IT IS SO ORDERED**.

**Dated March 17, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**