IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL P. RANDOLPH,**

      **Plaintiff,**

      v.                                                            **CASE NO. 23-3019-JWL**

**FINNEY COUNTY JAIL,**
**et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. At the time of filing, Plaintiff was detained at the Finney County Jail in Garden City, Kansas ("FCJ").[1] On January 26, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 6). On March 17, 2023, the Court entered a Memorandum and Order (Doc. 8) dismissing Plaintiff's claims against the FCJ, and directing FCJ officials to prepare a *Martinez* Report on Plaintiff's claims regarding the denial of treatment for his alleged condition resembling blackouts/seizures. After the *Martinez* Report (Doc. 11) (the "Report") was filed, the Court screened Plaintiff's claims and entered a second Memorandum and Order to Show Cause (Doc. 13) ("MOSC II"), granting Plaintiff until June 6, 2023, in which to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II. Plaintiff has failed to respond by the Court's deadline.

Plaintiff claims in his Amended Complaint that he shut his finger in his cell door at the

---

[1] Plaintiff notified the Court of his new address in light of his release on February 17, 2023. (Doc. 6–2, at 4.)

FCJ. Plaintiff alleges that he experienced a condition resembling a blackout/seizure and that the accident was "precipitated by the untreated condition," resulting in the loss of the end of his right little finger on December 27, 2022, at the FCJ. (Doc. 6, at 2.) Plaintiff acknowledges that he received emergency medical treatment for his finger, but alleges that he has not been treated for the condition resembling blackouts/seizures. *Id*. at 2–3.

The Court found in the MOSC II that Plaintiff failed to satisfy the objective prong of the Eighth Amendment test for deliberate indifference. Although Plaintiff acknowledges that he received medical care for his injured finger, he claims that he has never received medical care for his condition resembling blackouts/seizures. However, Plaintiff's alleged condition has never been diagnosed by any doctor. Although Plaintiff claims that he discussed his condition with the ER doctor after his accident, the discharge notes do not mention the need for any follow-up treatment for seizures. *See Sparks v. Singh*, 690 F. App'x 598, 608 (10th Cir. 2017) (unpublished) (stating that "infirmary note's cursory reference to a questionable history of diabetes was not a confirmed diagnosis requiring treatment[,] [n]or did it manifest a clear directive for treatment such that a reasonable jury could infer that Mr. Laurence was deliberately indifferent"); *see also Clark v. Colbert*, 895 F.3d 1258, 1269 (10th Cir. 2018) (finding that discharge instructions that directed plaintiff to follow up with the surgeon who previously operated on him "[did] not amount to a diagnosis of a particular condition or a prescription of specific care").

No staff at the FCJ have witnessed Plaintiff experiencing symptoms that resemble a seizure. The Court also reviewed the video of the incident and nothing in the video suggests Plaintiff was experiencing a seizure when his finger was shut in his cell door. *See* Exhibit F to the Report (filed conventionally). The Court found in the MOSC II that, under these

circumstances, it was not obvious that a doctor's attention was necessary for Plaintiff's alleged condition resembling blackouts/seizures.

The Court found that Plaintiff also failed to satisfy the subjective prong of the Eighth Amendment test for deliberate indifference.  Plaintiff failed to show that any defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.  Plaintiff has not shown that either defendant refused to verify underlying facts that they strongly suspected to be true, or declined to confirm inferences of risk that they strongly suspected to exist.  *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023).  Here, staff attempted to verify Plaintiff's claims. They examined video footage of the accident and reviewed Plaintiff's ER discharge records.  Even though the video and the records contradicted Plaintiff's claims, FCJ staff still placed Plaintiff on a special watch. Yet, he exhibited no signs of his alleged condition during the watch.

The Court directed Plaintiff to show good cause why his medical claim should not be dismissed for failure to state a claim.  The MOSC II provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." (Doc. 13, at 6–7.)  Plaintiff has failed to respond by the deadline and has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 13, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**